UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEMETRIUS DAVIS,
                                    Plaintiff,
                    v.

COUNTY OF ERIE,  and
ERIE COUNTY DEPARTMENT OF PROBATION,

                                    Defendants.
_____

                    DECISION
                      and
                    ORDER
-------------------------------
                    REPORT
                      and
                RECOMMENDATION

            22-CV-554JLS(F)

APPEARANCES:        MUSCATO & SHATKIN, LLP
                    Attorneys for Plaintiff
                    MARC S. SHATKIN, of Counsel
                    415 Franklin Street
                    Buffalo, New York  14202

                    JEREMY TOTH
                    ERIE COUNTY ATTORNEY
                    Attorney for Defendants
                    ERIN ELIZABETH MOLISANI
                    Assistant County Attorney, of Counsel
                    95 Franklin Street
                    16th Floor
                    Buffalo, New York  14202

**JURISDICTION**

This case was referred to the undersigned by Honorable John L. Sinatra, Jr., on

July 20, 2022, for pretrial matters.  The matter is presently before the court on

Defendants' motion to dismiss (Dkt. 5), filed July 19, 2022, and Plaintiff's cross-motion

to file an amended complaint (Dkt. 9), filed August 24, 2022.[1]

_____

[1]  Motions to dismiss are dispositive.  *Jean-Laurent v. Wilkerson*, 461 Fed.Appx. 18, 25 (2d Cir. 2012) (citing 28 U.S.C. § 636(b)(1)(A), and *Williams v. Beemiller Inc.*, 527 F.3d 259, 265 (2d Cir. 2008)). Motions to amend pleadings, however, are non-dispositive.  *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent." (citing 28 U.S.C. § 636, and Fed.R.Civ.P. 72(a)).  *See also Kilcullen v. New York State Dep't of Transportation*, 55 Fed.Appx. 583, 584 (2d Cir. 2003) (considering a motion to file an amended complaint

## **BACKGROUND**

On July 7, 2022, Plaintiff Demetrius Davis ("Plaintiff"), commenced this action in New York Supreme Court, Erie County ("State Court"), alleging claims for common law negligence in violation of New York law, Complaint, First Claim ("First Claim"), and for civil rights violations pursuant to 42 U.S.C. § 1983, *id*., Second Claim ("Second Claim"). Both claims stem from an alleged wrongful incarceration on a probation violation.  On July 18, 2022, Defendants removed the action to this court on the basis of federal question jurisdiction.

On July 19, 2022, Defendants moved to dismiss the Complaint for failing to state a claim (Dkt. 5) ("Defendants' Motion"), attaching the Supporting Declaration of Assistant County Attorney Erin E. Molisani (Dkt. 5 at 2-5) ("Molisani Declaration"), and Defendants' Memorandum of Law in Support of Their Motion to Dismiss (Dkt. 5-1) ("Defendants' Memorandum"), and separately filed exhibits A and B (Dkt. 6) ("Defendants' Exh(s). __").  On August 24, 2022, Plaintiff file a cross-motion for leave to file an amended complaint (Dkt. 9) ("Plaintiff's Motion"), attaching the Attorney Affirmation [of Marc Shatkin, Esq.][2] in Support of Cross Motion and in Opposition to Defendants' Motion (Dkt 9-1) ("Shatkin Affirmation"), with exhibits A through D ("Plaintiff's Exh(s). __"), and Plaintiff's Memorandum of Law (Dkt. 9-2) ("Plaintiff's Memorandum").  On September 8, 2022, Defendants filed the Reply Declaration of Erin

---

as "non-dispositive" and analyzing objections to the magistrate judge's decision on such motion pursuant to Fed.R.Civ.P. 72(a) pertaining to objections to decisions on non-dispositive motions). *But see Wilson-Abrams v. Magezi*, 2022 WL 4545254, at * 1 & n. 2, and * 3 & nn. 6 and 7 (W.D.N.Y. Sept. 29, 2022) (treating motion to amend complaint as dispositive where granting the motion would result in defeating diversity jurisdiction and require remanding the matter to state court because such decision would determine whether the action could continue to proceed in federal court).  Thus, the undersigned submits this combined Report and Recommendation and Decision and Order the interest of judicial economy.
[2] Unless otherwise indicated, bracketed material has been added.

E. Molisani (Dkt. 11) ("Molisani Reply Declaration"), attaching exhibits A and B (Dkt. 11-1 and 11-2) ("Defendants' Reply Exh(s). __"), and Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss and Partial Opposition to Plaintiff's Motion to Amend the Complaint (Dkt. 11-13) ("Defendants' Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion should be GRANTED; Plaintiff's Motion is DENIED.


### FACTS[3]

On January 28, 2019, Plaintiff Demetrius Davis ("Plaintiff" or "Davis"), was convicted in New York State Supreme Court, Erie County ("state court"), on a misdemeanor charge for which Plaintiff was sentenced to three years' probation which was to be supervised by Defendant Probation Department ("Probation Department") of Defendant Erie County ("County") (together, "Defendants").  Plaintiff had been detained, pre-trial, by the County beginning in November 2018 and continuing for three months in the County jail[4] until Plaintiff was sentenced to probation on the misdemeanor charge. On January 15, 2020, the Probation Department filed a Declaration of Delinquency ("the delinquency") against Plaintiff who was then picked up by the Probation Department and held in the County jail pending a hearing on the delinquency ("delinquency hearing").  On January 22, 2020, the delinquency hearing[5] was held following which

---

[3] Taken from the pleadings and motion papers filed in this action.
[4] Plaintiff does not specifically identify the facility in which he was detained, and elsewhere in the record refers to the "Erie County Holding Center and/or Correctional Facility."  Dkt. 6 at 15 ¶ 4.  Because of the lack of specificity, and given the precise location where Plaintiff was held in connection with the criminal charges and conviction is not relevant to this motion, the court uses the same moniker as Plaintiff, *i.e.*, "County jail."  Complaint ¶ 5.
[5] The record does not indicate the entity responsible for conducting such "delinquency hearing."

Plaintiff was again remanded to the County jail where Plaintiff had been held prior to the delinquency hearing.  Plaintiff anticipated the scheduling of a probation revocation hearing ("probation revocation hearing"),[6] but either none was ever scheduled, or a hearing may have been scheduled and then postponed because of the COVID-19 pandemic.  In any event, no probation revocation hearing was held resulting in Plaintiff's continued detention in the County jail until February 4, 2021.  Complaint ¶ 7.  Plaintiff maintains that because the applicable term of incarceration for his criminal conviction on a Class A misdemeanor was only 12 months, for which Plaintiff would likely only have been required to serve eight months, with time credited for the three months of pretrial detention, Plaintiff, after being remanded to the County jail in January 2020, should have been released from custody five months later, *i.e.*, in June 2020.  Complaint ¶ 8.  Plaintiff thus alleges that upon his release from custody on February 4, 2021, Plaintiff served a total of 16 months in the County jail, *i.e.*, eight months more than the eight months required under New York law for a Class A misdemeanor.  According to Plaintiff, on May 24, 2021, Plaintiff's probation was revoked, *sua sponte*, outside of Plaintiff's presence.  *See* Plaintiff's Response at 5.

## DISCUSSION

### 1.    Motion to Dismiss

Defendants move to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), for failing to state a claim for which relief can be granted arguing the First Claim alleging common law negligence is barred by the applicable state statute of limitations, Defendants' Memorandum at 6, and, alternatively, Plaintiff has failed to

---

[6] The record does not indicate the entity responsible for conducting such "probation revocation hearing."

satisfy conditions precedent to suit for the First Claim, in particular, New York's Notice of Claim ("Notice of Claim") requirement for actions against municipalities, *id*. at 7-9, and Plaintiff's Second Claim alleging a civil rights violation fails to allege the requisite municipal policy, *id*. at 9-12, and all claims must be dismissed as against the Probation Department which is not a separate entity subject to suit.  *Id*. at 13.  In opposition, Plaintiff argues the First Claim is timely filed because the applicable limitations period was tolled when Plaintiff moved in the State Court for leave to serve a late Notice of Claim, Plaintiff's Response at 5-6, and Plaintiff complied with New York's Notice of Claim requirement.  *Id*. at 6-7.  In further support of dismissal, Defendants argue that even assuming, *arguendo*, the limitations period applicable to Plaintiff's First Claim was tolled when Plaintiff sought leave to serve a late Notice of Claim, the Complaint was still filed two days late, Defendants' Reply at 3-4, Plaintiff still has not demonstrated compliance with the Notice of Claims provisions, *id*. at 4, and Plaintiff has not argued in opposition to dismissal of the Second Claim, *id*. at 4-5.

On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the review court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Despite *Twombly*, courts remain obligated to liberally construe a *pro se* complaint. *Harris*, 572 F.3d at 72 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570. Simply put, unless the plaintiff pleads "enough facts to state a claim that is plausible on its face" so as to "nudge[ ] their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570.

## A.    Defendant Erie County Probation Department

Preliminarily, the court discusses Defendants' argument, Defendants' Memorandum at 13, that Defendant Probation Department is merely an administrative arm of Defendant County and, as such, does not have a legal identity separate and

apart from the County and is therefore not subject to suit.  Plaintiff has not responded in opposition to this argument.

"Under New York law, departments which are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot sue or be sued."  *S.W. by J.W. v. Warren*, 528 F.Supp.2d 282, 302-03 (S.D.N.Y. 2007) ("Because the Department [of Health] is merely an administrative arm of the County [of Orange], it lacks the capacity to be sued in this action." (citing cases)). Moreover, this court has previously dismissed § 1983 actions asserted against county departments because such defendants are not suable entities. *See*, *e.g.*, *Orens v. Amherst Police Department*, 2022 WL 4485292, at * 3 (W.D.N.Y. Sept. 27, 2022) (dismissing plaintiff's § 1983 claims against Erie County Child Protective Services and Erie County Sheriff's Office, which entities are administrative arms of Erie County and, thus, not separately suable).

Similarly, in the instant case, Defendant Erie County Department of Probation is merely an administrative arm of Defendant County such that the Probation Department does not have a separate legal identity and, therefore, is not a suable entity and Plaintiff has not argued otherwise.  Accordingly, Defendants' Motion should be GRANTED with regard to Defendant Erie County Probation Department.

**B.    First Claim**

In his First Claim, Plaintiff alleges Defendants were negligent in filing the Declaration of Delinquency, requesting Plaintiff be remanded to the County's custody, then failing to ensure a probation revocation hearing was held resulting in Plaintiff's incarceration for a total of 16 months, when Plaintiff, had he been sentenced to

incarceration rather than probation, would have been incarcerated for only eight months on the misdemeanor conviction.  First Claim.  In support of dismissal, Defendants argue the Complaint is time-barred, Defendants' Memorandum at 6, and Plaintiff failed to comply with conditions prerequisite to suit, including that Plaintiff file and serve a Notice of Claim at least 30 days prior to commencing this action.  Defendants' Memorandum at 7-9.  In opposition, Plaintiff argues that prior to filing the Complaint and summons in the state court, on April 28, 2022, Plaintiff applied for permission to file and serve a late notice of claim, as permitted under New York law, on Defendants, Plaintiff's Response at 5; Shatkin Affirmation ¶ 3, that after a hearing on the matter on June 22, 2022, the request was granted on June 27, 2022, by New York State Supreme Court Justice Lynn Wessel Keane ("Justice Keane"), with the order granting the request filed June 28, 2022 ("June 28, 2022 Order") (Defendants' Exh. B (Dkt. 6-1)).  Plaintiff's Response at 5; Shatkin Affirmation ¶¶ 5-6.  Plaintiff then filed the Summons and Complaint in state court on July 7, 2022, and served Defendants on July 11, 2022, with the Notice of Claim, attaching the Summons and Complaint as exhibits.  Plaintiff's Response at 5; Shatkin Affirmation ¶ 7 (incorrectly referring to service occurring on July 12, 2022). According to Plaintiff, although Plaintiff did not allow for the passage of 30 days after serving the Notice of Claim before serving the Complaint, because the "mandatory 30-day period" is intended to permit municipal defendants to investigate and examine the plaintiff regarding the claims to determine whether the claims should be litigated or otherwise satisfied prior to incurring the expense of litigation, Plaintiff is willing to allow for such investigation to be conducted.  Plaintiff's Response at 6-7.  Alternatively, Plaintiff requests any dismissal be without prejudice and with leave to commencing a

new action.  *Id*. at 7.  In further support of dismissal, Defendants argue that even allowing for any tolling, the summons and Complaint were not timely filed, Defendants' Reply at 3-4, and Plaintiff failed to successfully show all conditions precedent to suit were met.  *Id*. at 4.

It is undisputed that the one-year and 90-days statute of limitations applicable to state common law tort claims against municipalities, N.Y. Gen. Mun. Law § 50-i[1](c) ("§ 50-i__"), applies to Plaintiff's First Claim alleging negligence against Defendants.[7]  Nor is it disputed that New York's notice of claim requirements, set forth in N.Y. Gen. Mun. Law § 50-e ("§ 50-e__"), apply to Plaintiff's state law claims.  The parties further do not dispute that Plaintiff's release from custody on February 4, 2021 triggered the running of the one-year and 90-days limitations period applicable to Plaintiff's state law claims, which thus expired on May 5, 2021.[8]

As relevant, § 50-e provides that tort actions brought against a municipality, including a county, must be served within 90 days after the claim arises, N.Y. Gen. Mun. Law § 50-e[1](a); the court has discretion to extend the time to serve a notice of claim, but not beyond the applicable limitations period.  N.Y. Gen. Mun. Law § 50-e[5].

---

[7] Although New York's notice of claim requirements are not applicable to Plaintiff's Second Claim alleging a violation of § 1983, *see Day v. Moscow,* 955 F.2d 807, 814 (2d Cir. 1992) (state notice of claim requirements are "not applicable to § 1983 suits brought in federal court"), nevertheless, § 1983 claims asserted against municipalities are subject to a three-year statute of limitations, rather than § 50-e's one-year and ninety-days limitations period.  *See Molina v. City of Elmira, N.Y.*, 2015 WL 1643280, at **3-4 (W.D.N.Y. Apr. 13, 2015) ("The Court notes that 'the New York State Court of Appeals has ruled that the statute of limitations for state constitutional claims against a municipality should be governed by the same principles as that for Section 1983 claims,'"  (quoting *Schiller v. City of New York,* 2008 WL 200021, at *9 (S.D.N.Y. Jan. 23, 2008) (citing *South Salina Street, Inc. v. City of Syracuse,* 503 N.E.2d 63, 66 (N.Y. 1986))), and "'the applicable statute of limitations for § 1983 actions in New York is three years . . . .'" *id.* (quoting *Murphy v. Lynn,* 53 F.3d 547, 548 (2d Cir.1995)).

[8] The court notes the possibility that the limitations period commenced running not upon Plaintiff's release from custody on February 4, 2021, but in June 2020, *i.e.*, the latest date for which Plaintiff would have been incarcerated on the misdemeanor conviction had Plaintiff not been sentenced to probation and, thus, beyond which Plaintiff's incarceration exceeded his imposed sentence.

Relevantly, the limitations period is tolled while an application for leave to serve a late notice of claim is pending. *See Giblin v. Nassau County Medical Center*, 459 N.E.2d 856, 859 (N.Y. 1984) (holding the statute of limitations for municipal tort liability is tolled when plaintiff applies for permission to file late notice of claim); *Ahmed v. New York City Health & Hosp. Corp.*, 167 N.Y.S.3d 132, 134 (2d Dep't 2022) ("CPLR 204(a) tolls the statute of limitations while a motion to serve a late notice of claim is pending" (quoting *Young Soo Chi v. Castelli,* 979 N.Y.S.2d 75, 76 (2d Dep't 2013)).

In the instant case, Plaintiff's filing on April 28, 2022, for leave to serve a late notice of claim occurred just seven days before the statute of limitations expired on May 5, 2022. Upon Justice Keane's granting the motion for leave on June 28, 2022, the seven days remaining in the statute of limitations resumed running, expiring on July 5, 2022. *See Young Soo Chi*, 979 N.Y.S.2d at 76 (statute of limitations tolled while motion to serve late notice of claim is pending until the order deciding the motion is entered (citing cases)). Accordingly, Plaintiff's filing of the instant Complaint in state court on July 7, 2022, occurred two days after the statute of limitations expired, rendering the First Claim time-barred. Moreover, because Plaintiff was required to allege in the Complaint that at least 30 days had elapsed since the notice of claim was served on Defendants on July 11, 2022, *see* N.Y. Gen. Mun. Law § 50-i[1](b), an impossibility for a timely-filed complaint in the instant action given Plaintiff did not obtain leave to file the late notice of claim until seven days before the expiration of the statute of limitations, Justice Keane's June 28, 2022 order permitting Plaintiff to serve Defendants with the late notice of claim does not avoid the impending time-bar. *See Davidson v. Bronx Memorial Hospital*, 473 N.E.2d 761, 763 (N.Y. 1984) (dismissing with prejudice

complaint that did not allege required notice of claim was filed at least 30 days prior to the commencement of the action, which was "mandatory," and that within the 30 days, the defendants neglected of refused to adjust or otherwise satisfy the claim).

With regard to Defendants' argument that Plaintiff, despite being granted permission to serve a late notice of claim did not do so, Defendants' Memorandum at 6, Plaintiff vehemently denies failing to serve Defendants with the notice of claim and references Affidavits of Service indicating service of the Notice of Claim, Complaint, and Summons was made on July 11, 2022.  Plaintiff's Memorandum at 4; Shatkin Affirmation ¶ 7; Plaintiff's Exh. C (Dkt. 9-1 at 10-14).  Not only do Defendants fail to argue in further support on this point, but resolution of this argument would require the court to weigh facts which is specifically forbidden on a motion to dismiss pursuant to Rule 12(b)(6).  *See Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017) (when considering a Rule 12(b)(6) motion to dismiss, the court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff's claims will prevail). Accordingly, the court does not further address this argument.

Defendants' Motion therefore should be GRANTED as to the First Claim.

## C.    Second Claim

Plaintiff's Second Claim is asserted pursuant to 42 U.S.C. § 1983 ("§ 1983"), which permits imposing civil liability upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws of the United States.  *Patterson v. County of Oneida, New York*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983).  Section 1983, however, "'is not itself a source of substantive rights.'"  *Id*. (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3

(1979)).  Rather, § 1983 "merely provides 'a method for vindicating federal rights

elsewhere conferred' ...."  *Id*.  The elements of a § 1983 claim include (1) the deprivation

of a federal constitutional or statutory right, and (2) by a person acting under color of

state law.  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (citing *Gomez v. Toledo*, 446

U.S. 635, 640 (1980)).  Thus, "[t]he first step in any such claim is to identify the specific

constitutional right allegedly infringed."  *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 394

(1989); and *Baker*, 443 U.S. at 140).  In the instant case, Plaintiff's claim alleging

Defendants' failure to schedule a probation revocation hearing denied Plaintiff due

process in violation of the Fourteenth Amendment and resulted in Plaintiff being

incarcerated for longer than he could have been incarcerated on his misdemeanor

conviction.

Defendants argue that because Plaintiff's Second Claim is against the County,

Plaintiff is asserting a claim against a municipality for a deprivation of a constitutional

right pursuant to *Monell v. Department of Social Services of the City of New York*, 436

U.S. 658 (1978) ("*Monell*") ("*Monell* claim"), for which Plaintiff has failed to allege the

specific requisite municipal policy or custom requiring the claim be dismissed.

Defendants' Memorandum at 11-12.  Plaintiff offers no argument in opposition to

Defendants' Motion on the Second Claim.  In further support of dismissal, Defendants

argue Plaintiff has failed to allege any of the elements of a *Monell* claim.  Defendants'

Reply at 4-5.

To plead a claim for *Monell* liability, a plaintiff must allege the defendant

municipality "had '(1) an official policy or custom that (2) cause[d] [him] to be subjected

to (3) a denial of a constitutional right.'"  *Torcivia v. Suffolk County, New York*, 17 F.4[th]

342, 354-55 (2d Cir. 2021) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (brackets in original)); *cert. denied*, 2022 WL 16909256 (U.S. Nov. 14, 2022). A plaintiff need not show "'an explicitly stated rule or regulation'" to establish a municipal policy or custom.  *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. New York City Transit Auth*., 941 F.2d 119, 122 (2d Cir. 1991)).  Nevertheless, where a plaintiff asserts nothing more than conclusory allegations of policy or custom, such allegations are insufficient to sustain *Monell* claims against the municipal defendant**.** *See Santiago v. City of Rochester*, 2022 WL 856780, at * 3 (W.D.N.Y. Mar. 23, 2022) (holding where bare assertions in the pleadings of the municipality's customs and policies were entirely conclusory, the allegations did not "pass muster" for purposes of a motion to dismiss a municipal liability claim under *Monell*).

Here, a fair reading of Plaintiff's Second Cause of Action demonstrates Plaintiff's failure to state a plausible *Monell* claim against Defendant County because Plaintiff fails to make even a conclusory assertion that the denial of due process to Plaintiff is attributed to any policy, practice, or custom of Defendant County.  In short, based on the complete dearth of any allegation in the Complaint attributing Plaintiff's asserted due process violation to any policy, practice or custom of Defendants, Plaintiff fails to state a *Monell* claim against Defendants.

Defendants' Motion should be GRANTED as to the Second Claim.

## 2.    Motion to Amend

Plaintiff's cross-motion seeks leave to file an amended complaint to assert claims against Defendants County, the Probation Department, and one Lisa Vidal ("Vidal"), a County employee and the probation officer who was charged with supervising Plaintiff's

probation imposed for Plaintiff's misdemeanor conviction.  Proposed Amended

Complaint, [9] *passim*.  In particular, the Proposed Amended Complaint asserts against

Defendants and Vidal a negligence claim, Proposed Amended Complaint ¶¶ 23-25, a

due process claim, *id*. ¶¶ 27-31, and a combined *Monell* claim and failure to train claim.

*Id*. ¶¶ 33-37.  According to Plaintiff, because Vidal is employed by Defendant County

and was charged with supervising Plaintiff's probation, the negligence claim Plaintiff

seeks to assert against Vidal arises from the same conduct as Plaintiff's other claims

and, as such, the claims against Vidal would not be time-barred but relates back to the

claims asserted in the Complaint.  Plaintiff's Memorandum at 7-8.  In opposition,

Defendants argue Plaintiff's Motion must be denied because Defendant Probation

Department, as a mere administrative arm of Defendant County, does not have a

separate legal identity and, therefore, is not a suable entity, Defendants' Reply at 5, the

proposed claims Plaintiff seeks to assert against Vidal are barred insofar as Vidal was

not named in the Notice of Claim, *id*. at 5, and Plaintiff does not sufficiently explain why

he was unaware of Vidal's identity so as to excuse Plaintiff's failure to name Vidal as a

defendant in the Complaint, *id*. at 5-6, the *Monell* claim is deficient for the same reasons

it is deficient in the Complaint, *id*. at 6-7, and the proposed third claim fails because no

viable claim can be maintained against an improperly-trained employee for the claimed

failure of the employer.  *Id*. at 7-8.

Generally, a motion to amend pleadings is governed by Fed.R.Civ.P. 15(a)

("Rule 15(a)__"), which, as relevant, provides "[t]he court should freely give leave when

justice so requires." Fed.R.Civ.P. 15(a)(2).  *See Foman v. Davis*, 371 U.S. 178, 181

---

[9] Plaintiff's Exh. D (Dkt. 9-2 at 15-22).

(1962) (leave to file an amended complaint "shall be freely given when justice so requires."). Motions for leave to amend, however, "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182). "[I]n addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005) (internal citation omitted). In the instant case, Plaintiff's Motion must be DENIED because the amendment Plaintiff seeks to assert are futile.

Preliminarily, although the Proposed Amended Complaint asserts Defendants were negligent and careless in failing to hold a timely probation revocation hearing which resulted in Plaintiff's excessive incarceration, neither negligence nor gross negligence supports a § 1983 due process claim. *See Williams v. Carpenter*, 214 F.Supp.3d 197, 202 (W.D.N.Y. 2016) (citing *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) (negligence cannot support § 1983 action for violation of procedural due process), and *Fields v. Abbott*, 652 F.3d 886, 891 (8th Cir. 2011) ("negligence and gross negligence cannot support a § 1983 claim alleging a violation of substantive due process rights")). As such, Plaintiff's Motion is DENIED relevant to the Proposed Amended Complaint's asserted due process violations based on negligence.

Insofar as the Proposed Amended Complaint asserts claims against the Probation Department, as discussed above, Discussion, *supra*, at 6-7, because Defendant Probation Department is a mere administrative arm of Defendant County, it

does not have a separate legal identity and, therefore, Probation Department is not a

suable entity.  Plaintiff's Motion is thus DENIED as to the proposed claims against

Defendant Probation Department.

With regard to the proposed *Monell* claims, as with the Complaint, the Proposed

Amended Complaint is devoid of any allegations regarding the requisite policy, practice

or custom.  *See Ortiz v. Orleans Cty*, 2022 WL 1242486, at *11 (W.D.N.Y. Mar. 15,

2022) ("[A] plaintiff suing a municipal corporation under § 1983 must prove that the

constitutional wrong complained of resulted from the corporation's official policy,

custom, ordinance, regulation, or decision." (citing *Rookard v. Health & Hospitals Corp.*,

710 F.2d 41, 45 (2d Cir. 1983))), *report and recommendation adopted*, 2022 WL

1241704 (W.D.N.Y. Apr. 26, 2022).  Although Plaintiff seeks to allege his unlawful

prolonged incarceration resulted from Defendants' failure to adopt a policy for its

probation officers charged with supervising probation, Proposed Amended Complaint ¶¶

33-35, the alleged absence of a policy practice is an insufficient basis upon which to

assert a *Monell* claim.  *See Moffett v. Town of Poughkeepsie*, 2012 WL 3740724, at *4

(S.D.N.Y. Aug. 29, 2012) (plaintiff failed to state a *Monell* claim based on allegations

that where police department failed to maintain a proper system for investigating and

reviewing incidents involving the use of excessive force, it became the police

department's policy to tolerate improper beatings, illegal arrests and other wrongful

actions because the plaintiff failed to allege any facts demonstrating "'a consistent and

widespread practice by the Town," and "a single incident involving only actors below the

policy-making level does not suffice to show a municipal policy'" (quoting *DeCarlo*, 141

F.3d at 61)).  Although a *Monell* claim can be based on an unofficial policy, practice, or

custom, such as the claim Plaintiff seeks to allege against the County for failure to train or supervise, *see Okongwu v. Cnty. of Erie*, 2022 WL 6585217, at *2 (2d Cir. Oct. 7, 2022) (holding the plaintiff's "failure-to-train theory of liability, . . . required 'a pattern of similar constitutional violations by untrained employees' showing that the [defendant] had been on notice." (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011))), such claim requires an alleged pattern of neglect involving similar misconduct which allegations are absent in the Proposed Amended Complaint.  Moreover, "a municipality cannot be held liable *solely* because it employs a tortfeasor . . . ."  *Monell*, 436 U.S. at 691 (italics in original).  *See also Schnauder v. Gibens*, 679 Fed. Appx. 8, 10 (2d Cir. 2017) ("apart from a detailed recounting of his own experiences, [the plaintiff's] complaint contains only 'general and conclusory allegation[s] that there was ... a policy' to deny prisoners adequate medical care" and thus failed to state a plausible *Monell* claim); *Batista*, 2007 WL 2822211, at *4 ("The mere allegation that there exists such a policy or custom [causing a constitutional deprivation], absent specific allegations of fact tending to support such an inference, is insufficient.").  For these reasons, the Proposed Amended Complaint's § 1983 claim against the County would not withstand a motion to dismiss and Plaintiff's Motion thus is DENIED as to such claim.

With regard to the claims Plaintiff seeks to allege against Vidal, whom Plaintiff also seeks to add as a defendant, the negligence claim Plaintiff seeks to assert against Vidal would be subject to New York's § 50-e and § 50-i Notice of Claim requirements as Vidal is an employee of the County.  *See Hardy v. Daly*, 748 Fed.Appx. 379, 381 (2d Cir. 2018) ("Under New York law, service of a notice of claim is a condition precedent to tort actions against a municipal entity or its employees." (citing *Fincher v. Cty. of*

*Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997))). "These provisions apply to

state law claims even when they are brought in federal court." *Id*. (citing *Hardy v.*

*N.Y.C. Health & Hosps. Corp.,* 164 F.3d 789, 793 (2d Cir. 1999)). With regard to

Plaintiff's proposed Fourteenth Amendment procedural due process claim, however,

because § 1983 claims asserted against state actors are subject to a three-year

limitations period, *Murphy,* 53 F.3d at 548, the § 1983 claim is not time-barred,

rendering moot the issue of whether such claim relates back to the Complaint.

Nevertheless, Plaintiff's proposed due process violation against Vidal sounds only in

negligence which, as discussed, Discussion, *supra*, at 15, does not support a § 1983

due process claim. Inasmuch as Plaintiff is attempting to allege a due process violation

against Vidal, based on Vidal's position as Plaintiff's probation officer charged with

supervising Plaintiff's probation, such claim lies only if Vidal acted with deliberate

indifference or intended to violate Plaintiff's right to due process. *Tangreti v. Bachmann*,

983 F.3d 609, 618 (2d Cir. 2020) ("[T]here is no special rule for supervisory liability.

Instead, a plaintiff must plead and prove 'that each Government-official defendant,

through the official's own individual actions, has violated the Constitution.'" (quoting

*Ashcroft*, 556 U.S. at 676). For § 1983 liability Plaintiff thus must plead the individual

defendant was personally involved in the alleged constitutional deprivation, as well as

deliberate indifference to such constitutional deprivation. *See Falu v. County of Orange*,

814 Fed.Appx. 655, 658 (2d Cir. 2020) (citing *Brandon v. Kinter*, 938 F.3d 21, 36 (2d

Cir. 2019)), factual allegations that are not in the Proposed Amended Complaint.

Plaintiff's Motion as to the proposed claims against Vidal is, therefore, DENIED.

      Plaintiff's Motion for leave to file the Proposed Amended Complaint is DENIED.

### 3.    Dismissal with Prejudice

Although dismissal of a plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, a court does not abuse its discretion in denying leave to replead where the papers provide "no clue as to how the complaint's deficiencies would be cured." *Noto v. 22nd Century Group, Inc.*, 35 F.4th 95, 107 (2d Cir. 2022). Here, the problems with Plaintiff's claims against Defendants, both as pleaded in the Complaint and as sought to be pleaded in the Proposed Amended Complaint, are largely substantive. In particular, Defendant Probation Department is a non-suable entity, the state claim is time-barred, and the *Monell* claim fails to assert the required elements of a policy, practice or custom. Accordingly, further pleading against Defendants County and the Probation Department cannot cure these deficiencies and would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* plaintiff's claim for failure to state a claim with prejudice and without leave to replead where even liberal reading of complaint failed to suggest plaintiff had merely inadequately or inartfully pleaded and plaintiff, speaking through counsel on appeal, suggested no new material that could be pleaded to sufficiently reframe claim, such that repleading would be futile).

With regard to Vidal, any state tort claims are barred based on Plaintiff's failure to timely comply with § 50-e and § 50-i Notice of Claim requirements as discussed. *See* Discussion, *supra*, at 17-18. Because Plaintiff may be able to state a viable § 1983 due process claim against Vidal, however, the Complaint should not be dismissed with prejudice, but with leave for Plaintiff to file an amended complaint against Vidal

consistent with the applicable requirements for a § 1983 claim against an individual defendant.  *See* Discussion, *supra*, at 18.

Accordingly, the dismissal of Plaintiff's claims should be with prejudice and without leave to replead as against Defendant County and Probation Department, but Plaintiff should be permitted to file an amended complaint against Vidal.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion (5) should be GRANTED; Plaintiff's Motion (9) is DENIED; the claims asserted against Defendants County and Probation Department should be DISMISSED with prejudice and without leave to replead; Plaintiff should be permitted to file an amended complaint asserting a federal § 1983 claim against Vidal consistent with this Decision and Order.

SO ORDERED, as to Plaintiff's
  Motion to Amend,

        /s/ *Leslie G. Foschio*
_____
        LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

                        Respectfully submitted, as to Defendants' Motion
                          to Dismiss,

                            /s/ *Leslie G. Foschio*
                        _____
                            LESLIE G. FOSCHIO
                        UNITED STATES MAGISTRATE JUDGE

DATED:        December 1st, 2022
                 Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for Plaintiff and Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      December 1st, 2022
                 Buffalo, New York